# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> RONALD J. WRIGHT, JR., *et al.*, <br><br> Defendants. | Civil Action No. 13-615 (JEB) |

## MEMORANDUM OPINION

In this Federal Communications Act case, Plaintiff Joe Hand Promotions, a commercial distributor of sports and entertainment programming, accuses both Capitol Hill Premium Cigars and Tobacco Lounge and its proprietor, Ronald J. Wright, Jr., of illegally intercepting and exhibiting a broadcast of an *Ultimate Fighting Championship* bout in violation of 47 U.S.C. §§ 605 and 553. Capitol Hill has answered, but Wright now brings this Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), contending that Plaintiff has failed to allege sufficient facts to "pierce the corporate veil" and hold him individually liable. Plaintiff responds that under the FCA, it need only allege that Defendant Wright had the ability to supervise the conduct and had a direct financial interest in it. In the alternative, Plaintiff seeks leave to amend its Complaint to make veil-piercing allegations. Because of the ambiguity of the law of individual liability for corporate officers under the FCA, the Court believes that the wiser course is to permit Plaintiff to amend.

According to the Complaint, Plaintiff held the exclusive license to distribute the *Ultimate Fighting Championship 127: Penn v. Fitch* broadcast, including all undercard bouts, which aired

on February 26, 2011. See Compl., ¶ 7. Plaintiff subsequently entered into agreements allowing various entities in Virginia and the District – but not Defendant Capitol Hill – to publicly exhibit the broadcast to their patrons. See id., ¶¶ 8-9. On the evening of the 26th, Capitol Hill nonetheless aired the fights, which, Plaintiff alleges, enabled it to realize additional food, drink, and merchandise revenue. See id., ¶¶ 9-10, 12-13. According to Plaintiff, Defendant must have used an illegal receiver or otherwise intercepted the signal to do so, in violation of the FCA. See id., ¶¶ 14-16. Plaintiff then brought this action in April 2013 against Capitol Hill and Wright, its owner, see id., which Wright alone has now moved to dismiss. See Mot. at 1-7.

Under Federal Rule of Civil Procedure 12(b)(6), a court must dismiss a claim for relief when the complaint "fail[s] to state a claim upon which relief can be granted." In evaluating a motion to dismiss, the Court must "treat the complaint's factual allegations as true and must grant plaintiff the benefit of all inferences that can be derived from the facts alleged." Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (citation and internal quotation marks omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A court need not accept as true, however, "a legal conclusion couched as a factual allegation," nor an inference unsupported by the facts set forth in the complaint. Trudeau v. FTC, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), "a complaint must contain sufficient factual matter, [if] accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (internal quotation omitted). Though a plaintiff may survive a Rule 12(b)(6) motion even if "recovery is very remote and unlikely," the facts alleged in the complaint "must be enough to raise a right to relief

above the speculative level." Twombly, 550 U.S. at 555-56 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

In seeking dismissal, Wright argues that Plaintiff has failed to allege sufficient facts to justify "piercing the corporate veil" to hold him individually liable for the misdeeds of his business. See Mot. at 4-6. He cites several cases discussing the different tests courts employ and the factors they consider in weighing whether to pierce the corporate veil. See id. at 4-5 (citing, *e.g.*, TAC-Critical Systems, Inc. v. Integrated Facility Systems, Inc., 808 F. Supp. 2d 60, 67 (D.D.C. 2011)). The Court need not spell out all of these considerations since there is no dispute that they are absent from the Complaint. This, however, does not end the matter.

As Plaintiff notes, a large body of cases – and, indeed, what appears to be the great weight of authority – suggests that an individual corporate officer may be held liable for a corporation's infringing acts under the FCA without veil piercing as long as the complaint "establish[es] that the individual had a 'right and ability to supervise' the violations, as well as an obvious and direct financial interest in the misconduct." Circuito Cerrado, Inc. v. Pizzeria y Pupseria Santa Rosita, Inc., 804 F. Supp. 2d 108, 112-13 (E.D.N.Y. 2011) (quoting J&J Sports Productions, Inc. v. 291 Bar & Lounge, LLC, 648 F. Supp. 2d 469, 473 (E.D.N.Y. 2009)); see also J&S Sports Productions, Inc. v. Flores, 913 F. Supp. 2d 950, 955 (E.D. Cal. 2012) (noting standard appears to have originated from "the standard governing . . . liability for vicarious and contributory copyright infringement established by the Second Circuit in Softel, Inc. v. Dragon Medical and Scientific Communications, Inc., 118 F.3d 955, 971 (2d. Cir. 1997)"); Joe Hand Productions, Inc. v. Cain, No. 06-12213, 2006 WL 2466266, at *2 (E.D. Mich. Aug. 24, 2006); Joe Hand Promotions, Inc. v. Hart, No. 11-80971, 2012 WL 1289731, at *3 (S.D. Fla. 2012); J&J Sports Productions, Inc. v. Mayreal II, LLC, 849 F. Supp. 2d 586, 589 n.5 (D. Md. 2012);

3

J&J Sports Productions, Inc. v. Ribeiro, 562 F. Supp. 2d 498, 501 (S.D.N.Y. 2008). Plaintiff does appear to have satisfied this standard, having pled that Wright was the owner of Capitol and had "supervisory capacity and control over the activities occurring" at the establishment on the evening in question, Compl., ¶ 11, and that he received a "direct financial profit" from increased revenue derived from food, drink, and merchandise sales. Id., ¶ 12; see also id., ¶ 13.

Other cases, however, cast doubt on the use of this "benefit and control" test. For example, in a case involving Plaintiff, Joe Hand Promotions, Inc. v. Sharp, 855 F. Supp. 2d 953 (D. Minn. 2012), the court explained:

> To be sure, some courts (such as Hart) have accepted this argument and applied the benefit-and-control test when assessing individual liability for corporate misconduct under the [Communications Act]. Others have questioned whether that test is properly applied in FCA cases, without answering the question. See, e.g., J&J Sports Prods., Inc. v. Resendiz, No. 08-4121, 2009 WL 1953154, at *2 n.1 (N.D. Ill. July 2, 2009) ("[W]e are skeptical that the doctrine . . . should be extended to broadcast piracy actions."); J&J Sports Prods., Inc. v. Torres, No. 06-391, 2009 WL 1774268, at *4 (M.D. Fla. June 22, 2009) ("[T]he Court is not convinced that the test for [individual] liability under the Copyright Act should be extended to the [FCA].").

Id. at 955.

Rather than wade in to what appears to be a question of first impression in this Circuit, the Court finds that the more sensible approach is to grant Plaintiff leave to amend its Complaint. Given that no prejudice would accrue here in the very early stages of the case, the law of our Circuit is clear that "[l]eave to amend should ordinarily be freely granted to afford a plaintiff an opportunity to test his claim on the merits." Gaubert v. Federal Home Loan Bank Bd., 863 F.2d 59, 69 (D.C. Cir. 1988) (internal quotation marks omitted); see also Fed. R. Civ. P. 15(a)(2) (courts "should freely give leave [to amend a complaint] when justice so requires"). The Court,

4

accordingly, will grant Defendant's Motion but permit Plaintiff to file an amended Complaint. A separate Order consistent with this Opinion will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:   August 28, 2013